## Ratcliffe's Administrator v. Chesapeake & Ohio Railway Company.

(Decided April 29, 1919.)

### Appeal from Carter Circuit Court.

1. Railroads—Licensees—Trespassers on Bridge.—A person who crosses a railroad bridge for his own pleasure or convenience is a trespasser and his status is not affected by the fact that the bridge is located in a town or city, or is continuously used by a large number of persons as a foot way.
2. Railroads—Injuries to Person on Track—Duties Toward Trespasser—Actions—Petition—Sufficiency.—A railroad does not owe to a trespasser on one of its bridges the duty to maintain a lookout, to have its trains under reasonable control and to give warning of their approach, and a petition which alleges that decedent's death was caused by defendant's failure to perform these duties,. or any one of them, did not state a cause of action.
3. Railroads—Injuries to Person on Track—Actions—Petition—Disjunctive Allegations—Sufficiency.—The allegation in the petition. for the death of a trespasser on a railroad bridge, that the per-

sons in charge of the train saw, or could have seen by the exer-cise of ordinary care, the danger of decedent before he was struck by said train in time to have prevented his being struck, was simply an allegation that they could have seen him.

4. Railroads—Injuries to Person on Track—Actions—Petition—Sufficiency.—In an action for the death of a trespasser on a rail-road bridge, the allegation in the amended petition "that defend-ants operated said train on said occasion at a very rapid speed, and to have kept a lookout with such speed keeping a lookout as required, and to make the stop as required before running its engine and train of cars across the tracks of the Eastern Ky. Railway Co.'s tracks, which requires a lookout, they could have saw, and did see the decedent and others upon said bridge trying to protect themselves from injury or death; that such lookout could not be had without disclosing the view on said bridge of said decedent and others," even if it be construed as a positive and direct statement that those in charge of the train did see the decedent and others upon said bridge trying to protect themselves from injury or death, and not a mere argument that they could have seen him had they maintained a lookout, was not sufficient, it not being alleged that those in charge of the train failed to use ordinary care to avoid injuring the decedent after they dis-covered his peril.

L. D. KENNARD for appellant.

H. L. WOOD, JAMES CLAY and SHELBY, NORTHCUTT & SHELBY for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COM-MISSIONER—Affirming.

In this action by John R. Ratcliffe's administrator against the Chesapeake & Ohio Railway Company to recover damages for his death, a demurrer was sustained to the petition as amended and the petition dismissed. Plaintiff appeals.

The allegations of the petition as amended are in sub-stance as follows: As part of its line of railway, the de-fendant maintains a bridge across the Little Sandy river. The bridge is located in the town of Hitchens, a place of about 1,000 inhabitants. At all times during the day and night, the bridge is used by such a large number of per-sons as a footway, as to impose on the defendant the duty of anticipating their presence. While the decedent was crossing the bridge he was struck by one of defendant's trains and killed. At that time the defendant failed to keep a lookout, and to have the train under reasonable control, and to give warning of its approach, and the

decedent's death was caused by such failure. The petition also charges, "that those in charge of said train saw, or by the exercise of ordinary care could have seen, the danger of decedent before he was struck by said train in time to have prevented his being struck." In the amended petition it was alleged that it was necessary for the defendant to keep a lookout and stop before crossing the tracks of the Eastern Kentucky Railway Company, which crossing was located 500 or 600 feet from the bridge, and "that defendants operated said train on said occasion at a very rapid speed, and to have kept a lookout with such speed keeping a lookout as required, and to make the stop as required before running its engine and train of cars across the tracks of the Eastern Ky. Railway Co.'s tracks, which requires a lookout, they could have saw, and did see, the decedent and others upon said bridge trying to protect themselves from injury or death; that such lookout could not be had without disclosing the view on said bridge of said decedent and others."

The status of a person who walks across a railroad bridge for his own pleasure or convenience has been defined in so many cases that we deem it unnecessary to review them at length. It is sufficient to say that he is a trespasser and his status is in no wise affected by the ·fact that the bridge is located in a city or town, or is continuously used as a footway by a large number of persons. Johnson v. Sandy Valley & E. Railway Co., 181 Ky. 539, 205 S. W. 576; Lapp, Admr. v. Louisville, H. & St. L. Railway Co., 178 Ky. 647, 199 S. W. 798; Fields v. L. & ·N. R. R. Co., 163 Ky. 673, 174 S. W. 41; Curd's Admr. v. C. N. O. & T. P. Ry. Co., 163 Ky. 104, 173 S. W. 335; Flint v. I. C. R. R. Co., 88 S. W. 1055, 28 Ky. L. Rep. 1; C. & O. Ry. Co. v. Barbour's Admr., 93 S. W. 24, 29 Ky. L. Rep. 399; Smith's Admr. v. I. C. R. R. Co., 90 S. W. 254, 28 Ky. L. Rep. 723; Prince v. I. C. R. R. Co. 99 S. W. 293, 30 Ky. L. Rep. 469; L. H. & St. L. R. Co. v. Woolfork, 99 S. W. 294, 30 Ky. L. Rep. 500. Since the decedent was a trespasser, the defendant did not owe him the duty of keping a lookout, or of having its train under reasonable control, or of giving warning of its approach. That being true, the allegation that the decedent's death was caused by the defendant's failure to perform these duties, or any one of them, did not state a cause of action. Of course, the defendant did owe the decedent the duty of using ordinary care to avoid injur-

ing him after his peril was discovered, and had the petition as amended charged in direct and positive terms that the decedent's death was caused by the defendant's failure in this respect, it would have been sufficient. The petition, however, does not comply with this rule. The allegation "that those in charge of said train saw, or by the exercise of ordinary care could have seen, the danger of decedent before he was struck by said train, in time to have prevented his being struck," was simply an allegation that they could have seen him. C. & O. Railway Co. v. Lang's Admx., 135 Ky. 86, 121 S. W. 993; Fields v. L. & N. R. R. Co., *supra*. Even if it be construed as a positive and direct statement that those in charge of the train did see the decedent and others upon said bridge trying to protect themselves from injury or death, and not a mere argument that they could have seen him had they maintained a lookout, the above quoted allegation from the amended petition is not sufficient. The fact that those in charge of the train saw decedent trying to protect himself would not make the defendant liable unless they failed to use ordinary care to avoid injuring the decedent after they discovered his peril, and the amended petition contains no such allegation.

It follows that the court did not err in sustaining the demurrer to the petition as amended.

Judgment affirmed.