## Louisville & Nashville Railroad Company v. Spivey.

### (Decided June 6, 1924.)

## Appeal from Harlan Circuit Court.

Railroads—Users of Bridge Trespassers.—Where a bridge is constructed for use only in crossing a stream or a depression by railroad, and there is no footway along or across it, status of users of bridge is not affected by fact that it is located in a town or city, or that it is continuously used as a footway by a large number of persons, and they are trespassers.

WOODWARD & WARFIELD, LOW & BRYANT, F. F. ACREE and JOHN MARSHALL, JR., for appellant.

LYTTLE & MORGAN for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER—Reversing.

Appellee was a resident of a mining town in Harlan county. The town seems to have been on two sides of the Cumberland river, and appellee, together with others, in going to and from their work on the opposite side of the river, used as a walkway a railroad bridge which appellant company owned and operated across the river at that point.

While using the bridge one morning in February, 1922, in crossing the river to his work, he met a train coming from the other side, which train struck and injured him and for which injuries he brought this action in damages. When he got in thirty or forty feet of the end of the bridge on the far side he saw the train coming toward him, and knowing he could not return to the other side in time to escape injury, he got out on the edge of the ties, but was nevertheless struck by the train and knocked off. In an effort to avoid being a trespasser he alleges that the bridge was used by the public generally as a means of travel—meaning presumably as a footway

—from one part of the town to the other with the knowledge, acquiescence and consent of the railroad company.

There is no allegation that the agent and servants of defendant discovered his peril in time to have, by any sort of care or vigilance, prevented his injury.

A demurrer to the petition as amended was overruled, and the correctness of that ruling is the only question necessary to consider.

The negligence complained of is the careless and negligent operation of the train by the servants and employes of defendant.

The distinction between the continuous use by a large number of person of a bridge as a footway, and such use of the tracks of a railroad company on the surface has been several times pointed out by this court. Where there is such use of the tracks on the surface of the ground by a sufficient number of people it is held that the company will be presumed to know of such use and to have acquiesced in it, and is therefore charged with the notice that the presence of such persons at the point where such use is made is to be anticipated, and the users are to be treated as licensees and not trespassers. But where a bridge is constructed for use only in crossing a stream or a depression by a railroad track and there is no footway along or across it, it is so obviously dangerous for a footman to use it, the courts, in order to discourage such use, have laid down the rule that the status of such users of bridges or trestles is not affected by the fact that the bridge is located in a town or city, or that it is continuously used as a footway by a large number of persons.

In the use of a railroad track as a footway on the surface, the footman upon the approach of a train has only to step from the track to avoid injury, while if on a bridge or trestle he meets or is overtaken by a train there is much less chance to avoid injury.

Accordingly it has been held by this court that one who uses a railroad bridge as a footway for his own pleasure or convenience is a trespasser although the bridge may be in a town or city, or although it may be continuously used by large numbers of people as a footway. Ratcliff's Admr. v. C. & O. R. R. Co., 184 Ky. 94; Fields v. L. & N. R. R. Co., 163 Ky. 673.

In the latter case the court, after stating the rule and citing a number of authorities, said:

"This is not an inhumane rule, but is one designed to save people from death and injury, by dis-

couraging them from recklessly exposing themselves to such useless perils as going upon railroad bridges for their pleasure or convenience."

It necessarily results that the court erred in overruling the demurrer to the petition as amended.

The judgment is reversed with directions to grant appellant a new trial, and for further proceedings consistent herewith.