## Louisville & Nashville Railroad Company v. Davis' Administrator.

(Decided February 1, 1929.)

WOODWARD, WARFIELD & HOBSON, ASHBY M. WARREN, C. S. LANDRUM and JESSE MORGAN for appellant.

WOOTTON, SMITH & WOOTON, H. C. FAULKNER and J. G. BEGLEY for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Reversing.

Lothair is located on the Kentucky river in Perry county. On the opposite side of the river is a mountain around which the river flows in a sort of semicircle. On the other side of the mountain, and situated on the same side of the river as is Lothair, is the town of Hazard. There is a county road which skirts the river and runs from Lothair to Hazard, but in 1923 this road was unimproved, and in wintertime was very muddy, and probably impassable for vehicles. The line of the appellant, running from McRoberts to Lexington, crosses the river at Lothair, pierces by means of a tunnel the mountain on the other side of the river, and continues on its way to Lexington on the side of the river opposite to Hazard. A short distance from the exit of the tunnel on the side towards Hazard the appellant has its station, where passengers for Hazard alight and cross the river on a bridge into Hazard. For many years the bridge at Hazard was a toll bridge, but some time before 1923 the

people living in the vicinity of Hazard and Lothair built by popular subscription a swinging bridge over the river between Hazard and a point very near the exit of the tunnel on the Hazard side of the mountain. The evidence shows that for a long time prior to December, 1923, a great number of people, the estimate of their number running from 100 to 600 per day, traveled back and forth between Hazard and Lothair by using the railroad bridge at Lothair, walking through the tunnel, and crossing the swinging bridge. This they did despite the fact that they had to walk the cross-ties on the bridge at Lothair and that the railroad maintained warning signs at either end of the bridge forbidding people to so use the bridge.

On the early morning of December 17, 1923, W. O. Davis, a merchant in business at Diablock, Ky., his wife and child, came from Diablock to Lothair on an early morning passenger train of the appellant. They alighted at Lothair, and, after the train had crossed the river and entered the tunnel on its way to Hazard, the three started to walk across the appellant's bridge at Lothair. On the Hazard side of the tunnel a freight train was waiting for the passenger train to pass, and, after it had done so, the freight train started through the tunnel towards Lothair. It was a very foggy morning, and objects in the near vicinity could scarcely be seen. Davis, his wife and child were about half way across the bridge when the freight train came out of the tunnel. Perceiving their danger, they turned and fled towards Lothair, but were overtaken by the train before they could get off the bridge. Both Mr. and Mrs. Davis were killed, but the child, thrown to the ground by its father, escaped with its life, though badly injured. Appellee's evidence discloses that, from the time the train came out of the tunnel until after it had struck the Davis family, the fireman was busy firing his engine, that the engineer was not looking ahead, and did not see the Davis family on the bridge, and that no whistle was blown and no bell rung as the train approached and crossed the bridge.

This suit was brought to recover for the death of W. O. Davis. At the close of the appellee's evidence, which established the facts as hereinbefore set out, appellant moved for a peremptory instruction. This motion the court overruled, and, on the appellant declining to introduce any proof, the case was submitted to the jury, which found a verdict in behalf of appellee, the administrator of W. O. Davis, in the sum of $4,000. From the judgment entered on that verdict this appeal is prosecuted.

This case cannot be distinguished under its essential facts from the cases of Fields v. L. & N. R. Co., 163 Ky. 673, 174 S. W. 41; L. & N. R. Co. v. Spivey, 203 Ky. 638, 262 S. W. 962; C. & O. R. Co. v. Stephen's Adm'r, 168 Ky. 775, 182 S. W. 938; McCoy's Adm'r v. Williamson & Pond Creek R. Co., 174 Ky. 186, 192 S. W. 45, and, on their authority, the court should have sustained the motion of the appellee for a peremptory instruction. The appellee relies on that line of cases holding, in substance, that a carrier owes a lookout duty to people using their tracks in closely built-up communities where the evidence shows the use of such tracks as a passway by a large number of people daily. But the inapplicability of that line of cases to the use of a bridge, as was the case here, has been pointed out time and again in the cases above cited, and it would serve no useful purpose to go over the ground again, as the question is concluded.

Judgment reversed, with instructions to grant the appellant a new trial in conformity with this opinion.