VANCE'S ADM'R (Willie Vance) Appellant,

v.

LOUISVILLE & NASHVILLE RAILROAD COMPANY, Appellee.

Court of Appeals of Kentucky.

May 31, 1957.

Rehearing Denied Sept. 27, 1957.

J. B. Johnson, Wm. Murphy Howard, Harlan, for appellant.

Henry L. Bryant, Pineville, J. C. Baker, Harlan, C. E. Rice, Jr., Lexington, for appellee.

STANLEY, Commissioner.

The question is whether the trial court erroneously directed a verdict for the defendant in an action for damages for the death of Mrs. Judy Vance who was struck by a train on a bridge while rescuing her child. The order was entered at the conclusion of the plaintiff's evidence.

The appellee's double track crosses Cumberland River on separate bridges in the village of Baxter. A public highway crosses the tracks about 175 feet north of the bridges, near which the deceased lived.

On October 1, 1955, Mrs. Vance and her sister, Mrs. Turner, started across the bridge, and Mrs. Vance's six year old child followed them. Mrs. Turner testified that as they started onto the bridge they "listened good" for a train but heard none. After they had got nearly across, she heard a train coming and a child scream. Mrs. Vance ran back and picked up the child and continued to run toward the approaching train. She saved her child but lost her own life when struck at the end of the bridge.

The plaintiff proved that the bridge was daily used by a sufficient number of pedestrians to have given them the status of licensees if this were a track on the ground, but this court has held for many years that members of the public who use a railroad trestle or bridge as a footway for their own convenience are trespassers, and their status is not changed into that of licensees by the frequency or extent of such trespassing or the fact that the structure is located in a city or town. Curd's Adm'x v. Cincinnati, N. O. & T. P. R. Co., 163 Ky. 104, 173 S.W. 335; Chesapeake & O. R. Co. v. Stephen's Adm'r, 168 Ky. 775, 182 S.W. 938; McCoy's Adm'r v. Williamson & P. C. R. Co., 174 Ky. 186, 192 S.W. 45; Lapp v. Louisville, H. & St. L. R. Co., 178 Ky. 647, 199 S.W. 798; Ratliffe's Adm'r v. Chesapeake & O. R. Co., 184 Ky. 94, 211 S.W. 420; Frankfort & C. R. Co. v. Holder's Adm'r,

307 Ky. 11, 209 S.W.2d 722. The rule of law was held applicable to a bridge which, as the locality is described in the opinion, seems to be the identical bridge on which this accident occurred. Louisville & N. R. Co. v. Spivey, 203 Ky. 638, 262 S.W. 962. The rationale of treating a trestle or bridge differently from surface tracks is that such a structure is not adapted to the use of pedestrians who when placed in peril on a surface track can merely step off and out of the way of a train. The hazard is so great that use by the public may not be regarded as being by acquiescence or invitation of the railroad company and the legal duty of anticipating their presence is not placed upon the company. Louisville & N. R. Co. v. Spivey, supra; Prince v. Illinois Cent. R. Co., 99 S.W. 293, 30 Ky.Law Rep. 469; Chesapeake & O. R. Co. v. Stephen's Adm'r, supra; McCoy's Adm'r v. Williamson & P. C. R. Co., supra.

The appellant relies specially upon Becker v. Louisville & N. R. Co., 110 Ky. 474, 61 S.W. 997, 22 Ky.Law Rep. 1893, 53 L.R.A. 267, 96 Am.St.Rep. 459, and the companion case of Vanarsdall's Adm'r v. Louisville & N. R. Co., 23 Ky.Law Rep. 1666, 65 S.W. 858. The facts in those cases distinguish them from the present case. Certain dictum therein has been held not authoritative. Ratcliffe's Adm'r v. Chesapeake & O. R. Co., 184 Ky. 94, 211 S.W. 420, and other cases cited therein.

█ The question, therefore, is narrowed into the sufficiency of the evidence in the present case to submit to the jury the issue of discovered peril of a trespasser. The railroad trainmen did not owe any duty of precaution until Mrs. Vance's peril was discovered. The burden was upon the plaintiff to show that the trainmen discovered her presence on the bridge in time to have stopped the train and by the exercise of ordinary care in using all available means could have avoided striking her. Frankfort & C. R. Co. v. Holder's Adm'r, 307 Ky. 11, 209 S.W.2d 722.

█ The bridge on which this tragic accident occurred has solid girders on each side. On the north end (as also on the south) the girders are about three feet high for a distance perhaps of 30 feet and about five feet high beyond this in the central part of the bridge, thus forming a channel. The track on the north curves, as does the bridge part of its length. The engineer of a southbound train is on the inside of the curve. The high girders and tree branches form some obstruction to the view of trainmen of a person on the bridge.

The engineer in the present case was called as a witness by the plaintiff. He testified that as he approached the place, he was looking out for persons or vehicles on the highway crossing which, as stated, was 175 feet north of the bridge, and that he was not looking at the bridge; that "it would be pretty hard" for an engineer to watch both the crossing and the bridge. After he had passed over the crossing, he looked ahead and "I saw the lady coming to meet me with the child in her arms." He stated that "just as an estimate" she was "25 or more feet out on the bridge when I first saw her." He immediately applied the emergency brakes and "did everything in my power" to stop the train. He estimated that he did stop the train (of 25 cars) within 200 feet. The front of the engine was perhaps 100 feet beyond the point where the woman was struck.

The plaintiff introduced testimony to the effect that one standing back on the track 456 feet can see a person on the bridge, and that an engineer being eight feet above the ground has a better view. This testimony is of little materiality since the issue was not whether the engineer was observing a look-out duty, or whether he might have seen the terrified woman if he had been maintaining a proper lookout, but whether he did see her peril in time to have avoided striking her. We do have cases where the mere statement of trainmen that they did not see a trespasser in peril was not acceptable as conclusive

because the circumstances and physical conditions reasonably afforded contradiction. The appellant submits that this is such a case. We have had occasion recently to say that testimony of a witness that he looked but did not see an immediate hazard or a dangerous condition so obvious that he ought to have seen it was not entitled to much credence. In Farris v. Summerour, Ky., 296 S.W.2d 708, we held that the rule is not an arbitrary one, and that it should not be applied where the object was not in plain view, or suddenly appeared in a place where it should not have been, or where there was no reasonable grounds for anticipating it might be. The circumstances of the present case do not in our opinion afford a contradiction of the positive testimony of the engineer that he did not discover the peril of the woman until it was too late to stop his train and avoid striking her. We conclude that the directed verdict for the defendant was proper.

Judgment affirmed.