Kenneth H. LIST, Administrator of the Estate of John K. List, Appellant,

v.

SOUTHERN RAILWAY COMPANY and Norfolk Southern Corporation, Appellees.

No. 87–CA–747–MR.

Court of Appeals of Kentucky.

July 1, 1988.

Russell H. Saunders, A. Andrew Draut, James M. Gary, R. Hite Nally, Weber & Rose, Louisville, for appellant.

Charles D. Greenwell, Kathiejane Oehler, Middleton & Reutlinger, Louisville, for appellees.

Before COMBS, McDONALD and WEST, JJ.

McDONALD, Judge:

The appellant, Kenneth H. List, has appealed from the judgment of the Jefferson Circuit Court which summarily dismissed his complaint seeking damages from the appellee railroads for the wrongful death of his son, John K. List. John List was killed on June 1, 1985, when he was struck by a Southern Railroad Company train. At the time of the accident, List was on a trestle which spans Floyd's Fork in southeastern Jefferson County. List and a friend, Randall Graves, had been on the trestle shooting crows. When the young men discovered the train they immediately began running in an attempt to reach the end of the trestle. Graves fell and managed to save his life by hanging onto a crosstie while the train passed. List was within 30 feet of the end of the trestle when he was struck and killed.

The trial court dismissed the action upon appellees' motion for summary judgment on the basis that the appellees did not "intentionally" cause List's death. KRS 381.232, recently discussed and interpreted by our Supreme Court in *Kirschner v. Louisville Gas & Electric Company*, Ky., 743 S.W.2d 840 (1988), provides as follows:

The owner of real estate shall not be liable to any trespasser for injuries sustained by the trespasser on the real estate of the owner, except for injuries

which are intentionally inflicted by the owner or someone acting for the owner.

It was concluded in the *Kirschner* case that this statute "represents a codification of the common law," and construed the phrase "intentionally inflicted" to mean "willful, wanton, or reckless conduct." *Id.* p. 842. The Court cited approvingly a portion of *Kentucky Central R.R. Co. v. Gastineau's Adm'r*, 83 Ky. 119 (1885), as follows:

It is not required to anticipate the intrusion of others; and one who enters upon them without right, does so at his peril; and, in case of injury, cannot recover, unless it was wantonly inflicted after the danger was discovered. *Its duty to such a person or a trespasser is merely negative—it must not, when it knows of the peril, act maliciously or with a disregard of obvious consequences. Kirschner*, p. 843 [emphasis added.]

The law in this Commonwealth concerning the appropriate use of summary judgments is clear. "It is not a substitute for trial, nor is it the functional equivalent of a motion for directed verdict." *Paintsville Hospital Co. v. Rose*, Ky., 683 S.W.2d 255 (1985). Rarely is the rule appropriate for resolution of the merits in an action for negligence; it was not appropriate for resolving the issue of the appellees' liability in the case before us.

 Under both the statute and common law applicable to trespassers,[1] one has a duty to use ordinary care to prevent harm to one *known* to be in danger. *Kirschner, supra,* and *Vance's Adm'r v. Louisville & Nashville Railroad Co.*, Ky., 304 S.W.2d 915 (1957). In the *Vance* case the court held that the plaintiff had to show "that the trainmen discovered her presence on the bridge in time to have stopped the train and *by the exercise of ordinary care in using all available means could have avoided striking her.*" (emphasis added.) *Id.*, p. 917. In the instant case the appellant, in response to the

---

1. We find no error in the trial court's conclusion that List was a trespasser. This issue was clearly put to rest in *Vance's Adm'r v. Louisville & Nashville Railroad Co.*, Ky., 304 S.W.2d 915 (1957).

motion for summary judgment, submitted the affidavits of two expert witnesses who opined that had the engineer applied the emergency brake at the time the men were first discovered by the trainman on the trestle, List would have had the additional time needed to extricate himself from the path of the freight train. In addition to that evidence, the record in this matter contains the deposition of the engineer, Marcellus Stanbery, and the trainman, Lucien Reynolds. Reynolds testified that he first saw the men and told the engineer, Stanbery, "[T]here's two people on the bridge down there. Blow the horn and set the air." Stanbery acknowledged that Reynolds relayed that information to him but that he did not attempt to slow the train until the engine finished rounding a curve and the men came into his view. Not even then, admittedly, or at any time did Stanbery activate the emergency brakes on the train. The appellees, at oral argument, contended that application of the emergency brakes would not have changed the outcome. We see this as a question of fact for the jury. We believe that from such evidence of failure to utilize the means at hand to save a human life, a jury could find the employees' conduct to be within the category of wanton or reckless conduct discussed in *Kirschner*. That case defines this type of conduct as "an act of an unreasonable character in disregard of a known or obvious risk that was so great as to make it highly probable that harm would follow...." 743 S.W.2d at 843.

■ The appellees argue that despite their knowledge of the presence of the men on the trestle, the trainmen had not discovered their peril. They contend, "Mr. List was never truly in peril until the last mo-ment of impact since his companion Randy Graves, who was sitting next to him as the train rounded the curve, climbed over the side of the trestle and was not even injured." This argument is so inconsistent with reason that it merits little discussion. Obviously this was not a situation where the men could "merely step off and out of the way of the train." *Vance's Adm'r, supra*, 304 S.W.2d at 917. The hazard to one on a railroad bridge and trestle has been noted in many cases. *See*, for example, *Vance's Adm'r, supra; Louisville & N.R. Co. v. Spivey*, 203 Ky. 638, 262 S.W. 962 (1924). That Graves fortuitously managed to survive the incident unharmed does not, as a matter of law, require the conclusion that he and List were not in "peril" when discovered on the trestle by the appellees' employees. Whether the men were in peril is a fact issue the jury can decide.

Clearly, there are fact questions presented in this case. Whether the appellees' employees acted wantonly, willfully and recklessly in failing to slow the train by whatever means available is an issue which must be decided by a jury, and the appellees are not entitled to a summary judgment as a matter of law.

The judgment of the Jefferson Circuit Court is reversed and remanded for further proceedings consistent with this opinion.

All concur.